UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23965-CIV-KING

ANDRES DUQUE and ROBERTO ABREU,
on their own behalf and on behalf of others
similarly situated,

    Plaintiffs,

v.

130 NE 40TH STREET, LLC, a Florida for-
profit corporation, MICHAEL SCHWARTZ, an
individual, and CHARLES BELL, an
individual,

    Defendants.
_____/

## FINAL ORDER APPROVING SETTLEMENT AGREEMENT

Plaintiffs, Andres Duque and Roberto Abreu, individually and in their representative capacity for all those similarly situated, and Defendants, 130 NE 40th Street, LLC, Michael Schwartz, and Charles Bell, have submitted for final approval a proposed settlement as memorialized in the Settlement Agreement, dated August 28, 2015 (the "Settlement Agreement"). For the reasons set out in detail below, this Court has determined that the Settlement Agreement is fair, reasonable, and adequate and should be approved. Accordingly, this Court issues this Order, approves the Settlement Agreement and dismisses with prejudice all claims alleged against Defendants, and therefore

IT IS HEREBY ORDERED that:

1.    Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Settlement Agreement.

2.    On August 31, 2015 the Court entered its Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing preliminarily approving the class action and

collective action settlements in the above-captioned matter [E.C.F. 71] (the "Preliminary Approval Order"). Then, on January 27, 2016, this Court held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement.

3. In reaching its decision in this case, the Court considered the Settlement Agreement and other relevant documents in support of the fairness, reasonableness, and adequacy of the Settlement Agreement.

4. The Settlement Agreement benefits include the Defendants making the Settlement Payments through the Claims Administrator for the benefit of the Plaintiffs and Class Members, based upon the formula set forth in the Settlement Agreement. In return, all claims alleged against the Defendants shall be dismissed with prejudice and all Settlement Class members will provide a release of claims against the Defendants as stated in the Settlement Agreement.

## CLASS CERTIFICATION

5. In its Preliminary Approval Order, the Court conditionally certified the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standard Act ("FLSA"). In entering this Order and Final Judgment, the Court has once again considered the class certification prerequisites set forth in Rule 23 and again finds that these prerequisites are satisfied in this case.

6. The Court finds that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of both law and fact common to the Class; (c) the Class Plaintiffs' claims are typical of the claims of all members of the Class; (d) the named Plaintiffs and counsel for the Class Plaintiffs have fairly and adequately represented and will fairly and adequately protect the interests of the Class, all pursuant to Fed.R.Civ.P. 23(a). The Court additionally finds

that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that this class action is superior to other available methods for the fair and efficient adjudication of this controversy, pursuant to Fed.R.Civ.P. 23(b)(3). In making the latter determination the Court has considered the following: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. Further, the FLSA Settlement Class is finally certified as defined in the Settlement Agreement.

7. This Settlement Class is now finally certified.

## NOTICE TO THE CLASS

8. In its Preliminary Approval Order, this Court preliminarily approved the Notice, and found that the proposed form and content thereof satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and the FLSA, and the rules of this Court.

9. The Claims Administrator timely caused the Notices, which was the best notice practicable under the circumstances, to be mailed by first class mail, postage prepaid, to each of the Settlement Class members at their last known addresses.

10. None of the Settlement Class members have objected to the Settlement Agreement and none have requested to be excluded from the Settlement Class.

11. This Court has again reviewed the Notices and the accompanying documents and reaffirms its prior finding and holds that the "best possible" notice was given to the Settlement Class members and that the Notices were reasonably calculated to advise each member that: (a) the Court would exclude the member from the class if the member so requested by a specified date; (b) this Order and Final Judgment, whether favorable or not, would include all Settlement Class members who did not request exclusion; and (c) any Settlement Class member who did not request exclusion could, if the Settlement Class member desired, enter an appearance through counsel. The Court thus reaffirms its findings that the Notices given to the Settlement Class members satisfy the requirements of due process and holds that it has personal jurisdiction over all Settlement Class members.

## THE SETTLEMENT

12 The Court must determine whether the proposed Settlement Agreement is "fair, adequate and reasonable and is not the product of collusion" between the parties.[1] In making this determination, the Court considers six factors: (1) the likelihood that Plaintiffs would prevail at trial; (2) the range of possible recovery if plaintiffs prevailed at trial; (3) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with litigation; (4) the complexity, expense, and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved.[2]

13. In considering this Settlement Agreement, the Court need not and does not decide the merits of this action.

---

[1] Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984); In re Corrugated Container Antitrust Litig., 643 F.2d 195, 207 (5th Cir. 1981).

[2] Bennett, 737 F.2d at 986; Corrugated Container, 643 F.2d at 212; Behrens v. Wometco Enters, Inc., 118 F.R.D.

14. This Court, after considering the aforementioned factors, finds that the Settlement Agreement provides for a reasonable and adequate recovery that is fair to all Settlement Class members.[3]

15. No Settlement Class members have objected to the Settlement. And, no Settlement Class members have opted out of the Settlement Agreement. This weighs heavily in favor of approving the Settlement.[4]

16. This Court also may consider the opinions of the participants, including Class Counsel.[5] Here, Class Counsel has experience in the prosecution of large, complex matters and class actions. Counsel for Defendants is likewise experienced. This Court gives credence to the opinion of counsel, amply supported by the Court's independent review, that this Settlement Agreement is a beneficial resolution of the claims alleged against Defendants in the Amended Complaint by the Plaintiffs.

17. In addition to finding the terms of the proposed Settlement Agreement fair, reasonable, and adequate, this Court must determine that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement Agreement's terms.[6] The parties reached this Settlement in a protracted arm's length mediation with a qualified neutral mediator – David Lichter,

---

534, 538-90 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990).

[3] See Bennett, 737 F.2d at 986-87.

[4] See, e.g., Id. at 988 n.10 (holding that the district court properly considered the number of objections in approving a class settlement).

[5] Parker v. Anderson, 667 F.2d 1204, 1209 (5th Cir.), cert. denied, 459 U.S. 828 (1982).

[6] Bennett, 737 F.2d at 986; Miller v. Republic Nat'l Life Ins. Co., 559 F.2d 426, 428-29 (5th Cir. 1977).

5

Esq. In this case, there is no suggestion of fraud or collusion between the parties. Furthermore, the terms of the Settlement Agreement make it clear that the process by which the Settlement Agreement was achieved was fair.[7]

18.   The terms of the Settlement Agreement are fully and finally approved as fair, reasonable, adequate and in the best interest of the Settlement Class. The settlement shall be consummated in accordance with the terms and conditions of the Settlement Agreement. The Settlement Agreement is hereby approved and adopted as an Order of this Court.

19.   The Court authorizes payments to the Class Members as set forth in the schedule attached hereto as **Exhibit A**, less applicable tax withholdings.

---

[7] Miller, 559 F. 2d at 429; Ressler v. Jacobson, 822 F. Supp. 1551, 1554-55 (M.D. Fla. 1992).

20. The terms of the attorney's fees payable to Plaintiffs' counsel is set forth in the Settlement Agreement at IV(F): "Defendants shall not object to an award to Class Counsel of 33% of $475,000 as full and final settlement of their attorneys' fees and costs claims." In addition, the Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement [DE 69], approved by this Court [DE 71], stated that "Class Counsel will seek up to 33% of the total Maximum Gross Settlement Amount or $156,750.00." DE 69, Page 4. Class Counsels' fees should be awarded from the common fund created through Class Counsels' efforts when the attorneys' fees are reasonable. It is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained.[8] District courts in the Eleventh Circuit routinely approve fee awards of 30% or greater.[9] After review, the Court finds Class Counsels' attorneys' fees and costs in the amount of $156,750.00, representing 33% of the settlement amount, to be reasonable given that Class Counsel has conferred a substantial benefit upon the class, are paid from the common fund created through the efforts of Class Counsel, and this Court hereby authorizes payment of this fee to Class Counsel.

---

[8] See Camden I Condominium Ass'n, Inc. v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991); Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980)

[9] See, e.g., Kimmel v. Venture Construction Co., Case No. 1:10-cv-01388-RLV (N.D. Ga. 2010) (Dkt. 70) (approving 30% of common fund as attorneys' fees and costs); Moultry v. Cemex, Inc., Case No. 8:07-cv-00453-MSS, Dkt. 145 (M.D. Fla. 2008) (awarding 32.25% of common fund as attorneys' fees); Kemper v. Rent-A-Center, Inc., Case No. 4:00-cv-00435-RH-WCS, Dkts. 14-15 (N.D. Fla. 2000) (awarding 33.33% of common fund approach to plaintiffs' counsel). In *In re AremisSoft Sec. Litig.*, 210 F.R.D. 109, 128 (D.N.J. 2002), the court there stated that "[s]cores of cases exist where fees were awarded in the one-third to one-half of the settlement fund." See, e.g., *Erie County Retirees Ass'n v. County of Erie*, 192 F. Supp. 2d 369, 382-83 (38% of common fund was awarded in ADEA case); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 179-80 (W.D.N.Y. 2005) (almost 40% of $125,000 common fund awarded in a FLSA case); *Gilliam v. Addicts Rehab. Ctr. Fund*, 2008 WL 782596, at *5 (S.D.N.Y. 2008) ("counsel is entitled to one-third of the common fund after deduction of legal costs, which is consistent with the norms of class litigation in this circuit").

21. All claims alleged against the Defendants in this action, including all claims brought by the Plaintiffs and the Settlement Class, shall be and the same are hereby dismissed on the merits with prejudice.

22. Without limiting any terms of the Settlement Agreement, the Settlement Agreement and this Final Order, including all exhibits hereto, shall forever be binding upon, and along with the claims hereby released, shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Plaintiffs, including all members of the Settlement Class, as well as their heirs, executors, administrators, successors, and assigns.

23. The Plaintiffs, including all members of the Settlement Class, have provided a release of claims against the Defendants, as defined in the Settlement Agreement, and are thus barred from pursuing any claims against the Defendants, as stated in the Settlement Agreement.

24. Without in any way affecting the finality of this Final Order, this Court hereby retains jurisdiction as to all matters relating to administrators, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order, and for any other necessary purpose.

DONE AND ORDERED in Chambers in the Southern District of Florida, at Miami, Miami-Dade, Florida this 27 day of January, 2016.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record